UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MARK KELLER,

                      Plaintiff,

      -against-

STAR NISSAN, INC., STEVEN HAUSMAN,
ARNOLD SANDMAN, AND ALAN SPILLER,

                      Defendants.
---------------------------------------------------------------x

MEMORANDUM & ORDER

07-CV-4551 (ENV)(SMG)

VITALIANO, D.J.

      Plaintiff Mark Keller commenced this action against defendants Star Nissan, Inc., Steven Hausman, Arnold Sandman, and Alan Spiller pursuant to 42 U.S.C. section 1981 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e et seq.; New York Executive Law section 296; and New York City Administrative Code section 8-107. Keller asserts that defendants discriminated against him on account of his race; created a hostile work environment; and retaliated against him when he opposed their allegedly unlawful conduct.

      Defendants have moved to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies and, pursuant to Rule 12(b)(5), to dismiss all claims against defendants Sandman and Spiller for insufficient service of process. For the reasons that follow, the portion of the motion seeking dismissal on exhaustion grounds is denied as academic but the balance of the motion is granted.

I.     **BACKGROUND**

      The material facts, as alleged by Keller, are as follows: Keller is an African-American male who began working at Star Nissan, Inc. ("Star Nissan") in or around April 1995 as a porter. He was later promoted to the position of auto technician. Keller left Star Nissan in 1999 but was

1

re-hired as an auto technician in 2006. His supervisors at Star Nissan were Hausman, Sandman, and Spiller.

Throughout Keller's employment, the individual defendants called Keller racially offensive names such as "Nigger" and "Ignorant Black Man." They also made racially offensive comments to him frequently and continually. Keller was not permitted to join the union because he is black. In fact, when Keller requested permission to join the union, defendant Sandman called him a "Nigger" and commented that "[t]hat's the problem with you niggers. . . . You always want more [than] what you can chew or deserve." (Compl. ¶ 33.) Keller claims that defendants created an abusive and hostile work environment for him and humiliated and harassed him on a continual basis.

Keller alleges further that he frequently opposed such offensive treatment by defendants, who retaliated against him as a result. In fact, Keller alleges that he was falsely accused of scratching a customer's radio face plate in retaliation for his opposition and because he is black.

Keller was terminated on or around November 28, 2006 by Hausman, who told him to take his belongings and to "get out of here. . . I don't want your black ass here anymore."

On January 8, 2007, Keller dual-filed a verified complaint with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") charging Star Nissan with, inter alia, an unlawful discriminatory practice relating to employment because of race/color.[1] In his complaint, he named only Star Nissan as respondent, although he did mention specific instances of alleged discrimination by Hausman. He also mentioned Spiller as being "[w]hite and forty-six years of age" and as having been

---

[1] In his administrative complaint, Keller also alleged discrimination on account of his age and marital status. (See Affirmation of Joseph H. Labuda, Esq. ("Labuda Aff.") Ex. A.)

"admitted to the union and treated better than" he (Keller) was. Sandman does not appear anywhere in Keller's administrative complaint

Keller authorized NYSDHR to accept his verified complaint on behalf of EEOC. NYSDHR dismissed his complaint on the grounds of administrative convenience on August 6, 2007. EEOC issued a right-to-sue letter on September 25, 2007. Keller timely filed his federal complaint on October 31, 2007.

**II.    DISCUSSION**

A.    Exhaustion of Administrative Remedies

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), "as well as on other grounds, 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'" Rhulen Agency, Inc. v. Ala. Ins. Guaranty Assoc., 896 F.2d 674, 678 (2d Cir. 1990) (citation omitted). A case is properly dismissed under Rule 12(b)(1) where a court "'lacks the statutory or constitutional power to adjudicate it.'" Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

The priority of a (b)(1) motion is of no moment here, though, for defendants have erred in bringing their failure to exhaust administrative remedies claim under that subsection. Indeed, presentation of a Title VII claim to an appropriate administrative body "'is not a jurisdictional [prerequisite], but only a precondition to bringing a Title VII action that can be waived by the parties or the court.'" Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citation omitted); see also id. at 767 ("'[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of

3

limitations, is subject to waiver, estoppels, and equitable tolling.'" (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); O'Neal v. State Univ. of N.Y., No. 01-CV-7802, 2003 U.S. Dist. LEXIS 4404, at *13 (E.D.N.Y. Mar. 24, 2003) ("[T]he district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies."). The exhaustion claim advanced by defendants on this motion is more properly brought under Rule 12(b)(6), to the extent it is appropriate at all, and, accordingly, the Court will construe it as such. See O'Neal, 2003 U.S. Dist. LEXIS 4404, at *15 (citing Angotti v. Kenyon & Kenyon, 929 F. Supp. 651, 653 (S.D.N.Y. 1996)); cf. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

In ruling on a motion to dismiss under subsection 12(b)(6), "a court must accept as true all of the [properly pled] allegations contained in a complaint." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008) (noting that, in considering a motion to dismiss, a court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." (citation omitted)). While it is accurate that "[d]ismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999) (citation omitted), and that "'[t]his rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se,'" id. at 619 (quoting Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998)), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Indeed, a

complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

In reaching its decision, a court may consider, in addition to the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). More specifically, "'[w]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which [he] solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.'" Holowecki v. Fed. Express Corp., 440 F.3d 558, 565-66 (2d Cir. 2007) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)), aff'd, 552 U.S. 389 (2008). Thus, the Court may rely upon plaintiff's administrative complaint and NYSDHR's Determination and Order of Dismissal for Administrative Convenience in ruling on the motion to dismiss. (See Labuda Aff. Ex. A.)

A review of the complaint demonstrates, however, that, although plaintiff has used the words "retaliation," "retaliated," and "retaliating," he has failed to plead a retaliation claim under Iqbal and Twombly. To be sure, Keller has failed to allege a causal connection between any protected activity on his part and his termination (or any other adverse change in his employment). See Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2d Cir. 1995) ("In order to make out a prima facie case of retaliation, a plaintiff must show by a preponderance of the evidence i) participation in a protected activity known to the defendant; ii) an employment action disadvantaging the plaintiff; and iii) a causal connection between the protected activity and the

5

adverse employment action." (citation omitted)), abrogated on other grounds by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998); see also Altieri v. Albany Pub. Library, 172 Fed. Appx. 331, 333 (2d Cir. 2006) (citing Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998)).

Even reading Keller's pro se pleading with particular generosity,[2] see, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), and remaining mindful that the standard announced in Federal Rule of Civil Procedure 8 does not require that a complaint contain "'detailed factual allegations,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court finds that Keller has failed to state a retaliation claim. Indeed, in any complaint, there must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to state a claim for relief. Id. (citing Twombly, 550 U.S. at 555). Again, this is because, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Here, no causal connection can be plausibly inferred because Keller fails to allege any protected activity occurring prior to a claimed adverse employment action. Through the references in his complaint to retaliatory conduct, plaintiff has simply alleged further examples of discriminatory treatment (if anything), not retaliation qua retaliation. There being no stated or inferable claim of retaliation before the Court, defendants' motion to dismiss such a claim is denied as being academic.[3]

---

[2] Though now represented by counsel, Keller filed his complaint pro se. (See Affirmation in Opposition at 17.)

[3] In his opposition, Keller invokes, inter alia, New York Executive Law §§ 297.3.c. and 297.9, arguing that exhaustion of a retaliation claim is not required. No analysis of that argument is needed, of course, since

B.  Title VII Claims

Under 42 U.S.C. section 2000e(b), only "employers"[4] are subject to Title VII liability. See also Equal Employment Opportunity Comm'n v. Arabian Am. Oil Co., 499 U.S. 244, 248-49 (1991) (describing "employer" as used in Title VII as a jurisdictional term), superseded by statute on other grounds; Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."); Singh v. Local 153 Pension Fund, No. 98-CV-4959, 1998 U.S. Dist. LEXIS 20170, at *4 (E.D.N.Y. Nov. 13, 1998) ("A district court may only exercise jurisdiction over a defendant in a Title VII case if, inter alia, the defendant is an 'employer,' as defined by" Title VII). Consequently, "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." Tomka, 66 F.3d at 1313; id. at 1317 ("[W]e hold that an employer's agent may not be held individually liable under Title VII."); see also Ziegler v. Adams, 316 Fed. Appx. 52, 52 (2d Cir. 2009); Aulicino v. New York City Dep't of Homeless Servs., 580 F.3d 73, 79 (2d Cir. 2009); Patterson v. City of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) (citing Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam)); Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1241 n. 2 (2d Cir. 1995).

Accordingly, the Court dismisses plaintiff's Title VII claims against individual defendants Hausman, Sandman, and Spiller.

C.  Insufficient Service of Process

---

defendants do not move against his state law claims on exhaustion grounds. Regardless, it is equally obvious from the administrative complaint and Keller's papers opposing the instant motion that no protected activity followed by retaliatory conduct is pled as a state claim either.

[4] "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) (citation omitted). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may assert insufficiency of process by motion. See FED. R. CIV. P. 12(b)(5). A court looks to materials outside of the pleadings in determining whether service of process has been insufficient. See Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) (citation omitted). The burden is on the plaintiff to establish that his service was not insufficient. See id. (citation omitted); see also Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citing Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)). If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. See Darden, 191 F. Supp. 2d at 387 (citations omitted). Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency. See, e.g., id. at 388, 399-400.

Defendants claim that service was not effectuated on Sandman and Spiller under any of the methods permitted by Rule 4(e). Specifically, they claim that the person with whom Sandman's and Spiller's summons and complaint were left initially was not employed by Star Nissan on the date of service (November 12, 2007) and that, in any event, neither Sandman nor Spiller has received mailed copies of the summons and complaint. As a result, they seek dismissal of the complaints against Sandman and Spiller pursuant to Rule 4(m).

Having reviewed the affidavits of defendants Sandman and Spiller, and office manager Vivian Karouzakis, as well as the accompanying exhibits, it appears that, despite plaintiff's good-faith efforts, proper service was not effected on either Sandman or Spiller. Accordingly, the Court orders that proper service of the summons and complaint be made on Sandman and

Spiller within 30 days of the entry of this Memorandum and Order. Furthermore, if current counsel is to continue to defend the interests of Sandman and Spiller in this action, the overall interests of expedition would be best served if counsel would seek authorization from Sandman and Spiller to accept such service on their behalf.

**CONCLUSION**

For all the foregoing reasons, the motion of defendants to dismiss plaintiff's Title VII claims against the individual defendants is granted. The motion to dismiss all other claims against Sandman and Spiller for the insufficiency of the service of process is granted to the extent that plaintiff is directed to re-serve the summons and complaint upon these defendants within 30 days of the entry of this Memorandum and Order. Since plaintiff's complaint has not stated a retaliation claim, nor can one even be inferred by construing the complaint liberally from the facts that are pled, the motion of defendants to dismiss any such claim is denied as academic.

SO ORDERED.

Dated: Brooklyn, New York
November 30, 2009

ERIC N. VITALIANO
United States District Judge